IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2018

## DEBORAH LACY v. VANDERBILT UNIVERSITY MEDICAL CENTER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C-3855      Thomas W. Brothers, Judge**

_____

**No. M2018-00832-COA-R3-CV**

_____


This is an appeal from an order granting summary judgment to one of several defendants. Because the order does not dispose of the plaintiff's claims against all of the defendants, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, J., and W. NEAL MCBRAYER, J.

Deborah Lacy, Madison, Tennessee, pro se.

Ashley Brooke Waddle, Nashville, Tennessee, for the appellees, Vanderbilt University Medical Center, Bethany Bowman, Gerimiha Emerson, Seaman Stephen, and Chelsea Lampley.


## MEMORANDUM OPINION[1]

This appeal arises out of a complaint filed by Deborah Lacy alleging that several employees of Vanderbilt University Medical Center ("Vanderbilt") assaulted her while

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

she was seeking medical treatment. The complaint names Vanderbilt and several individuals as defendants. Vanderbilt filed a motion for summary judgment asserting that the assaults allegedly committed by its employees were intentional acts which fell outside the scope of their employment. The trial court agreed and granted Vanderbilt's motion for summary judgment on April 30, 2018. Ms. Lacy filed her notice of appeal on May 4, 2018. The appellees have now filed a motion to dismiss the appeal for lack of a final judgment.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *King v. Spain*, No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The appellees assert that Ms. Lacy's claims against two of the individual defendants, Bethany Bowman and Gerimiha Emerson, remain pending. The trial court's April 30, 2018 order explicitly states that "[t]he case remains pending against Dr. Emerson and Ms. Bowman."[2] Ms. Lacy does not dispute that there are still claims pending in the trial court, but asserts that she has filed an amended notice of appeal "removing" Dr. Bowman and Ms. Emerson as appellees and making Vanderbilt the only appellee.

The trial court's April 30, 2018 order does not dispose of all the claims among all the parties and is thus not a final, appealable judgment. Ms. Lacy's amendment to her notice of appeal does not alter the fact that the trial court has not entered a final judgment. The content of the notice of appeal has no bearing on whether the order appealed constitutes a final judgment. Because the trial court has not yet entered a final judgment, Ms. Lacy is not entitled to an appeal as of right under Tenn. R. App. P. 3.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Deborah Lacy.

**PER CURIAM**

---

[2] It is unclear from the limited documents before this court whether the claims against Dr. Emerson and Ms. Bowman are the only claims still pending in the trial court.